| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

*0031 6172*

)658)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILL
COUNTY DEPARTMENT, _____

**(Name all parties)**

Santanu De _____

}

2011L005309
CALENDAR/ROOM Y
TIME 00:00
Other Com Litigation

v.

No. _____

City of Chicago, A municipal Corp.
30 N. ~~LaSalle~~ ~~Ste 400~~
~~Chicago, IL 60602~~

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

MAY 23 2011

Atty. No.: **24155**

Name: **Richard J. Gonzalez**

Atty. for: **Santanu De**

Address: **565 W. Adams, Ste 600**

City/State/Zip: **Chicago, IL 60661**

Telephone: **312-906-5079**

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY,** **EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SANTANU DE,                        )        2011L005309
                                   )        CALENDAR/ROOM Y
                    Plaintiff,     )        TIME 00:00
                                   )        Other Com Litigation
                                   )
          v.                       )        JURY TRIAL DEMANDED
                                   )
CITY OF CHICAGO, A MUNICIPAL       )
CORPORATION,                       )
                                   )
                    Defendant.     )

## COMPLAINT

Plaintiff, Santanu De, by and through his attorney, Richard J. Gonzalez/Chicago-Kent

College of Law, hereby complains against Defendant, City of Chicago, as follows:

### Nature of Action, Parties, and Jurisdiction

1.      This is an action alleging violations of the Illinois Human Rights Act, 775 ILCS

Section 5/1-101 *et. seq.* and 42 U.S.C. Sec. 1981 in the nature of unlawful national origin and

gender discrimination.

2.      Plaintiff is and was at all relevant times a resident of the City of Chicago, County

of Cook, State of Illinois, was employed Defendant's Department of Transportation as a Chief

Programmer/Analyst and is an "employee" within the meaning of the Illinois Human Rights Act.

3.      Defendant City of Chicago is a municipal corporation and an "employer" within

the meaning of the Illinois Human Rights Act.  Venue is proper pursuant to 28 U.S.C. § 1391

(b).

4.      Plaintiff met all administrative prerequisites to this action in that he timely filed a

Charge of discrimination with the Illinois Department of Human Rights ("IDHR") and Equal

Employment Opportunity Commission on December 11, 2008; perfected said Charge with the

1

IDHR on January 12, 2010; said Charge was improperly dismissed by the IDHR on February 23, 2010; said dismissal was reversed by the Illinois Human Rights Commission on April 19, 2010; and the IDHR completed its investigation on March 3, 2011. Plaintiff brings this action within the ninety-day eligibility period set out within the Illinois Human Rights Act.

### Facts Common To All Counts

5.      Plaintiff is a male and is of Indian national origin.

6.      Plaintiff was hired by Defendant on January 16, 1987 into the position of Electrical Engineer I. In January, 2001, Plaintiff was promoted to the position of Chief Programmer/Analyst.

7.      Plaintiff holds a Ph. D in the field of Computer Science and prior to and throughout his employment with Defendant had extensive experience in computer programming and in complex and sophisticated information technology-related work

8.      In 2002, when Defendant created the position of Director of Information Technology, Plaintiff applied for and was amply qualified for the position.

9.      Defendant instead hired Christopher Jaeger, of United States national origin, to the position despite the fact that Jaeger held only a Master's degree in an area other than Computer Science and had minimal or no IT experience.

10.     In or about June, 2007, Defendant, without conducting of any job interviews, promoted Lawrence Olszak, of United States national origin, to replace Jaeger as Director of Information Technology.

11.     Plaintiff had applied for the position, his name was listed on the "eligibility list" for said position, and he held credentials, as outlined above, far superior to those of Olszak.

12.     In contrast to Plaintiff's credentials, Olszak lacked any college degree despite the fact that Defendant had listed at least a Bachelor of Science degree in Computer Sciences as a minimum requirement for the position.

13.     On or about July 2007, Defendant promoted Helen Rane Carbone, a female of United States national origin, to the position of Chief Programmer/Analyst.

14.     Carbone held only an "Associate" degree, lacked the requisite Bachelor degree minimum qualification for the position, and lacked the length and breadth of Computer Science expertise held by Plaintiff.

15.     Olszak consistently favored Carbone over Plaintiff in day-to-day treatment within the office. Olszak interacted throughout the day with Carbone, while essentially ignoring Plaintiff.

16.     Carbone stated to Plaintiff that Olszak was her "work husband."

17.     On or about July, 2008, Defendant relocated Plaintiff from an office to a cubicle, while allowing Carbone, female of U.S. national origin Michelle Bonadurere, and male of U.S. national origin Michael Baldridge to maintain offices, even though Plaintiff had more seniority than each of those co-workers.

18.     In December, 2008, Defendant terminated Plaintiff's employment for the stated reason of a budgetary reduction-in-force.

19.     Plaintiff was the sole non-union employee terminated from his division in the alleged budgetary reduction-in-force.

20.     Defendant terminated the employment of Plaintiff rather than Carbone, despite the fact that Plaintiff performed technical programming work, whereas Carbone could not, but rather had to depend upon the assistance of consultants for any programming-related work.

3

21.    Plaintiff was more experienced and superior in performance to similarly-situated employees within the division who were not terminated.

## COUNT I

### Unlawful National Origin Discrimination Under Illinois Human Rights Act

22.    Plaintiff repeats and re-alleges Paragraphs 1-21 and incorporates same by reference as though fully set out herein.

23.    Defendant's treatment of Plaintiff and its termination of Plaintiff rather than similarly-situated employees of United States national origin, including but not limited to Carbone and Olszak, constitutes unlawful national origin discrimination against Plaintiff in violation of the Illinois Human Rights Act.

24.    Defendant's articulated reason for the termination of Plaintiff is a pretext for unlawful national origin discrimination in violation of the Illinois Human Rights Act.

25.    As a result of Defendant's conduct, Plaintiff suffered lost wages and lost benefits and experienced anxiety, emotional distress, embarrassment, humiliation, loss of status and self-esteem, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

A.    Enjoining Defendant from further acts of national origin discrimination against its employees;

B.    Reinstating Plaintiff to his former or a comparable position;

C.    Awarding Plaintiff his lost wages and the value of lost benefits including lost seniority, lost salary grade and level, lost sick and vacation days, lost salary increments, and lost pension contributions;

D.    Awarding Plaintiff compensatory damages in an appropriate sum; and

4

E.       Awarding Plaintiff attorney's fees and costs of this action.

## COUNT II

### Unlawful Sex Discrimination Under Illinois Human Rights Act

26.     Plaintiff repeats and re-alleges Paragraphs 1-21 and incorporates same by reference as though fully set out herein.

27.     Defendant's treatment of Plaintiff and its termination of Plaintiff rather than similarly-situated female employees, including but not limited to Carbone, constitutes unlawful sex discrimination against Plaintiff in violation of the Illinois Human Rights Act.

28.     Defendant's articulated reason for the termination of Plaintiff is a pretext for unlawful sex discrimination in violation of the Illinois Human Rights Act.

29.     As a result of Defendant's conduct, Plaintiff suffered lost wages and lost benefits and experienced anxiety, emotional distress, embarrassment, humiliation, loss of status and self-esteem, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

A.       Enjoining Defendant from further acts of sex discrimination against its employees;

B.       Reinstating Plaintiff to his former or a comparable position;

C.       Awarding Plaintiff his lost wages and the value of lost benefits including lost seniority, lost salary grade and level, lost sick and vacation days, lost salary increments, and lost pension contributions;

D.       Awarding Plaintiff compensatory damages in an appropriate sum; and

E.       Awarding Plaintiff attorney's fees and costs of this action.

## COUNT III

### Unlawful National Origin Discrimination Under 42 U.S.C. Section 1981

30.     Plaintiff repeats and re-alleges Paragraphs 1-25 of this Complaint and incorporates same by reference as though fully set out herein.

31.     The foregoing conduct, including but not limited to the July, 2007 promotion of a less qualified individual of U.S. national origin, in lieu of Plaintiff, constitutes unlawful national origin discrimination in violation of 42 U.S.C. Section 1981.

32.     Said violation of 42 U.S.C. Section 1981 was committed by Defendant with malice and/or reckless indifference to Plaintiff's federally protected rights.

33.     As a result of Defendant's conduct, Plaintiff suffered lost wages and lost benefits and experienced anxiety, emotional distress, embarrassment, humiliation, loss of status and self-esteem, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for the following relief:

A.     Enjoining Defendant from further acts of national origin discrimination against its employees;

B.     Ordering the promotion of Plaintiff to the position of Director of Information Technology or, at a minimum, reinstating Plaintiff to his former or a comparable position;

C.     Awarding Plaintiff his lost wages and the value of lost benefits including lost seniority, lost salary grade and level, lost sick and vacation days, lost salary increments, and lost pension contributions;

D.     Awarding Plaintiff compensatory damages in an appropriate sum; and

E.     Awarding Plaintiff attorney's fees and costs of this action.

F.     Over $30,000. NY.

6

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

SANTANU DE

By: _____
Attorney for Plaintiff

RICHARD J. GONZALEZ
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299
Attorney No.: 24155

7